IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STEPHEN DEWAYNE MAXWELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 08-CV-713-TCK-FHM |
| | ) | |
| ROGERS COUNTY, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

On December 1, 2008, Petitioner, a state inmate appearing *pro se*, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1) in the United States District Court for the Eastern District of Oklahoma. On December 2, 2008, the case was transferred to this District Court. See Dkt. # 2. For the reasons discussed below, the Court finds the petition should be dismissed as a second or successive petition filed without prior authorization from the Tenth Circuit Court of Appeals. It is unnecessary to transfer this petition to the Tenth Circuit because the claims are barred by the one-year statute of limitations.

As a preliminary matter, Petitioner has filed motions for extension of time to pay the filing fee and to proceed *in forma pauperis*. On January 8, 2009, the Clerk of Court received the $5.00 filing fee. As a result, his motions for extension of time and to proceed *in forma pauperis* are moot.

## BACKGROUND

Petitioner challenges his conviction for Lewd Molestation, After Former Conviction of Two Felonies, entered after a jury trial in Rogers County District Court, Case No. CF-95-198. Petitioner received a sentence of two hundred (200) years imprisonment. This is Petitioner's second petition for writ of habeas corpus filed in this federal district court challenging the same Rogers County conviction. On September 11, 2000, Petitioner's prior petition, N.D. Okla. Case No. 99-CV-443-

SEH, was dismissed with prejudice as barred by the one-year statute of limitations. Petitioner did not appeal that ruling to the Tenth Circuit Court of Appeals.  Now, more than eight (8) years later, Petitioner again challenges his conviction entered in Rogers County District Court, Case No. CF-95-198.

### *ANALYSIS*

By Order filed December 12, 2008 (Dkt. # 6), the Court determined that this was a second or successive habeas corpus petition. Under 28 U.S.C. § 2244(b)(1), a petitioner is required to obtain authorization from the circuit court of appeals before filing second or successive petition in district court.  See Moore v. Schoeman, 288 F.3d 1231, 1236 (10th Cir. 2002).  Petitioner in this case did not comply with the provisions of § 2244(b) and filed his petition without obtaining prior authorization from the Tenth Circuit. See Dkt. # 1 at 10. As a result, this Court lacks jurisdiction to address the merits of the claims asserted in the second or successive petition. United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006).

The Tenth Circuit Court of Appeals has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).  Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the appellate court stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite

2

jurisdiction." <u>Cline</u>, 531 F.3d at 1251.  "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the mater to this court for authorization." <u>Id.</u> at 1252 (citing <u>Phillips v. Seiter</u>, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)).

After conducting an initial examination of the petition filed in this case, the Court determined that the petition appeared to be time-barred and that, as a result, it would be a waste of judicial resources to transfer the petition.  <u>See</u> Dkt. # 6. Petitioner was afforded an opportunity, however, to file a response demonstrating why this matter should not be dismissed for lack of jurisdiction as a time-barred second or successive petition.  On December 19, 2008, Petitioner filed his response (Dkt. # 7).

Petitioner asserts that his arrest was illegal and that he is actually innocent of the crime of which he was convicted. He further states that he has "nothing to hide" and that he has been "gun-shy of the judicial system." (Dkt. # 7).  Nothing provided by Petitioner indicates that he is entitled to statutory tolling of the one-year limitations period. Furthermore, Petitioner has failed to demonstrate entitlement to equitable tolling of the limitations period. <u>See</u> <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling applies only in "rare and exceptional circumstances." <u>Gibson v. Klinger</u>, 232 F.3d 799, 808 (10th Cir. 2000) (citing <u>Davis v. Johnson</u>, 158 F.3d 806, 811 (5th Cir. 1998)).  Petitioner has the duty to pursue his federal claims with reasonable diligence and must demonstrate "that the failure to timely file was caused by extraordinary circumstances beyond his control." <u>Marsh v. Soares</u>, 223 F.3d 1217, 1220 (10th Cir. 2000); <u>see</u> <u>also</u> <u>Miller</u>, 141 F.3d at 978.

A claim of actual innocence may warrant equitable tolling, see Gibson, 232 F.3d at 808, although the applicant must also show that he "diligently pursue[d] his federal habeas claims," id. To establish "actual innocence," an applicant must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial," Schlup v. Delo, 513 U.S. 298, 324 (1995), and demonstrate that "more likely than not, no reasonable juror would have convicted him in the light of the new evidence," id. at 327.   Such new evidence must "affirmatively demonstrate[ ] his innocence," not simply "undermine the finding of guilt against him." Phillips v. Ferguson, 182 F.3d 769, 774 (10th Cir. 1999) (internal quotation marks omitted).   In this case, Petitioner presents no new evidence of actual innocence.   Furthermore, nothing supports a finding of diligence. Neither Petitioner's reluctance to enter the judicial system nor his lack of legal knowledge warrant equitable tolling.   Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" (citations omitted)).   The Court concludes that Petitioner is not entitled to equitable tolling.

Because the claims asserted in this successive petition for writ of habeas corpus are untimely, the Court finds it would be a waste of judicial resources to transfer this matter to the Tenth Circuit for authorization.   Therefore, the petition shall be dismissed.

**ACCORDINGLY IT IS HEREBY ORDERED that**:

1.      Petitioner's motions for extension of time and to proceed *in forma pauperis* (Dkt. #s 9 and

10) are **declared moot**.

2.      The petition for writ of habeas corpus is **dismissed** as a second or successive petition filed

without prior authorization from the Tenth Circuit Court of Appeals.

3.      This is a final Order terminating this action.


DATED THIS 2nd day of February, 2009.


_____
TERENCE KERN
UNITED STATES DISTRICT JUDGE